In the Matter of the Compensation of
Michael J. Moody, Claimant.

Michael J. MOODY,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CORP.,
and Con-Vey Keystone,
*Respondents.*

(88-18100; CA A66568)

813 P2d 1125

Dean Heiling, Salem, argued the cause for petitioner. With him on the brief was Gatti, Gatti, Maier & Associates, Salem.

David O. Wilson, Eugene, argued the cause for respondents. With him on the brief was Employers Defense Counsel, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board reversing the referee and upholding the denial of his aggravation claim. Because we conclude that the Board did not misapply the law and because there is substantial evidence to support the Board's order, we affirm.

Claimant compensably injured his back and left knee in 1985, for which he received an award of 5 percent unscheduled permanent disability and 5 percent scheduled disability, respectively. In 1987, he filed an aggravation claim, by which he sought benefits for a psychological condition that he alleged had worsened as a result of the compensable injury. Employer denied the aggravation claim, but the referee held it to be compensable. A determination order in October, 1988, made an additional unscheduled award of 13 percent. The evaluation sheet on which the order was based shows that 5 percent of that award was allocated to claimant's disc problem and psychological disability, without any allocation between the two.

In November, 1988, claimant sought a reopening of the claim due to a worsening of his psychological condition. Employer denied the request; the referee held that the 1987 aggravation claim had been prematurely closed and, therefore, he did not address the aggravation claim. The Board reversed, holding that the claim had been properly closed, because claimant was medically stationary, and that claimant's psychological condition had not worsened. We write only to address one of claimant's contentions concerning the Board's analysis of the aggravation claim for his psychological condition.

The Board found that claimant's psychological condition had worsened symptomatically since the last arrangement of compensation. It concluded, however, that the medical history available to the evaluator at the time of the last arrangement of compensation showed that claimant would experience future periods of waxing and waning of symptoms and that the award anticipated that future waxing and waning. The Board found, additionally, that claimant's disability from the psychological condition was no worse than had been anticipated and that his symptoms had not required

hospitalization or led to total disability for a period of more than 14 days. Accordingly, it held that he had not established a compensable aggravation. *See Gwynn v. SAIF*, 304 Or 345, 745 P2d 775 (1986).

Claimant contends that, because his October, 1988, award did not include a separate award of permanent partial disability for his psychological condition, no waxing and waning of symptoms could have been anticipated. There is evidence, however, that, in determining the benefits due in 1988, the evaluator considered claimant's psychological disability and included it in the award. Additionally, there was abundant evidence in the record at the time of the award that his symptoms would wax and wane.

Affirmed.